In re Joseph CREAZZO, Debtor.

Bankruptcy No. 94–771–8P7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 18, 1994.

David S. Smith, Winter Haven, FL, and Malka Isaak, Tampa, FL, for debtor.

Ronald Bidwell, Tampa, FL, for movant.

Douglas Menchise, Trustee, Clearwater, FL.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is the right of Joseph Creazzo (Debtor) to obtain relief under Chapter 7 of the Bankruptcy Code. The challenge is presented by a Motion to Dismiss filed by Thomas E. Duvoisin, Liquidating Trustee (Liquidating Trustee) who seeks a dismissal of the Debtor's Chapter 7 case for "cause" pursuant to § 707(a) of the Bankruptcy Code. The Motion is opposed by counsel for the Debtor who contends that although the Motion is purported to be filed pursuant to § 707(a), in fact the dismissal sought is pursuant to § 707(b) and the Liquidating Trustee has no standing to assert the Motion because under subsection (b) of 707, the Chapter 7 case cannot be dismissed except on the court's own motion or a motion by the United States Trustee. In support of this proposition counsel for the Debtor urges that the relevant part of the Motion clearly alleges facts which would be either a basis for dismissal under subclause (b) of § 707 alleging that the granting of relief would be a substantial abuse of the provisions of Chapter 7 or grounds to deny the Debtor the protection of the general discharge. Both sides agree that a dismissal pursuant to § 707(b) cannot be brought by a creditor nor at the request or suggestion of a party of interest.

In support of his Motion, counsel for the Liquidating Trustee contends that such motion could be brought pursuant to § 707(a) by any party of interest and it could be dismissed for "cause" because the specifics set forth in subclauses (1), (2) or (3) are merely illustrative, citing *In re Hammonds*, 139 B.R. 535 (Bankr.D.Colo.1992), and general bad faith of a Debtor is "cause" which warrants a dismissal.

The Court considered the allegations set forth in the Motion and finds that several of the allegations are certainly not "cause." For instance, in Paragraph 4 of the Motion it is alleged that the Debtor acknowledged that the sole purpose of filing the Petition was to obtain a discharge of the debt owed by him to the Liquidating Trustee. It is axiomatic that it is always the motivating factor of an individual who seeks relief under Chapter 7 to obtain a discharge, and this is not an improper basis for a Chapter 7 Petition. The balance of the allegations in the Motion relate to the substantial earnings of the Debtor's wife; that the Debtor has more than enough income to meet his monthly expenses and, although not stated clearly, it is intimated that the Debtor has more than sufficient funds either to seek relief under Chapter 13 or actually pay his debt outside of bankruptcy. The balance of the allegations in the Motion relate to certain allegedly false fact statements made under oath by the Debtor and that the Debtor notwithstanding his Petition did not change his lifestyle (sic).

Even from a cursory reading of the relevant portion of the Motion, it is clear that the facts alleged, at least in part, are facts which may constitute an abusive filing, which is a specific ground for dismissal under § 707(b). However, it is clear that this Chapter 7 case cannot be dismissed based on § 707(b) simply because this subclause applies only if the Debtor's obligations which sought to be discharged in the Chapter 7 case are consumer debts. In the present instance, the only unsecured creditor scheduled by the Debtor is the money owed to the Liquidating Trustee, one in the amount of $47,000.00 and second in the amount of $31,000.00. Both these obligations are based on a Judgment obtained by the Liquidating Trustee based on an alleged voidable preference. Clearly, these obligations are not consumer debts within the term as defined by § 101(8) which provides as follows:

§ 101(8)—"consumer debt" means debt incurred by an individual primarily for a personal, family, or household purpose;

Therefore the Liquidating Trustee, obviously, must have sought a dismissal under § 707(a). The balance of the allegations in the Motion might be relevant to a challenge of the Debtor's right to a general bankruptcy discharge.

The Liquidating Trustee sought several extensions of time to file a complaint, the last one on April 25, 1994, upon which this Court has deferred ruling pending a disposition of the Motion to Dismiss filed by the Liquidating Trustee.

Basically this Court would not hesitate to conclude, based on the foregoing, that the Liquidating Trustee has no standing to bring a Motion to Dismiss even though ostensibly the Motion is brought pursuant to § 707(a) and in reality is based on § 707(b). However, the Liquidating Trustee has called to this Court's attention several cases which stand for the proposition that the grounds for dismissal under § 707(a) implicitly include bad faith of the Debtor and the examples set forth in (1), (2) and (3) are merely illustrative, and thus the Liquidating Trustee has standing to seek dismissal for "cause." *In re Hammonds*, 139 B.R. 535 (Bankr.D.Colo. 1992).

There is respectable authority, indeed to support the proposition that the Debtor's good faith is an implicit jurisdictional prerequisite for filing a Petition for Relief under Chapter 7 of the Bankruptcy Code. *In re Doss*, 133 B.R. 108 (Bankr.N.D.Ohio 1991). A primary case relied on by the Liquidating Trustee is *In re Zick*, 931 F.2d 1124 (6th Cir.1991). In *Zick*, the Sixth Circuit held that the lack of good faith of a Chapter 7 Debtor is a valid basis to dismiss a Chapter 7 case for "cause" and that although the jurisdictional requirement of good faith is not explicitly stated in the statute, it is inherent in the purposes of bankruptcy relief. In *Zick*, the Debtor suffered an adverse determination as a result of a Court-induced mediation in which the Debtor's former employer was awarded $600,000 based on malicious breach of a non-compete agreement. In *Zick* the Debtor had only one creditor, the former employer who received the award. The Court found that the Debtor made no significant changes in his lifestyle, made no efforts to repay the award or any part of it and had a continuing monthly income of at least

$7,000 per month in addition to certain pension benefits.

The concept of bad faith is clearly an elusive concept and fraught with difficulty to obtain a satisfactory precise definition of that term. According to one definition frequently cited, bad faith may be found when the Debtor has a frivolous, noneconomic motive for filing a bankruptcy petition, when there is a sinister or unworthy purpose, or when there is an abuse of the judicial process. *4 Lawrence P. King, et al., Collier on Bankruptcy ¶ 707.03, at pp. 707–9 to 707–10 (15th ed. 1992).*

■ Factors to consider when making a factual determination of a bad faith case are the following:

(a) frivolous purpose, absent an economic reality;

(b) lack of an honest and genuine desire to use the statutory process to effect a plan of reorganization;

(c) use of a bankruptcy as a device to further some sinister or unworthy purpose;

(d) abuse of the judicial process to delay creditors or escape the day of reckoning in another court;

(e) lack or real debt, creditors, assets in an ongoing business; [and]

(f) lack of reasonable probability of successful reorganization.

*In re Bingham,* 68 B.R. 933 (Bankr. M.D.Pa.1987).

Based on the foregoing this Court is satisfied that the Liquidating Trustee has standing to seek a dismissal of the Debtor's Chapter 7 case for cause and should be permitted to establish that the Petition was filed in bad faith, thus a proper subject for dismissal for "cause" pursuant to § 707(a) of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Final Evidentiary Hearing on the issue of the Debtor's bad faith shall be scheduled with proper notice in due course.

DONE AND ORDERED.