In re ADDON CORPORATION, Debtor.

Trizec Colony Square, Inc. and United States Trustee, Movants,

v.

Adam R. Gaslowitz, Esquire and Paul Reece Marr, Esquire, Debtor's Counsel, Respondents.

Bankruptcy No. A98–71227–SWC.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Feb. 25, 1999.

Paul Reece Marr, Paul Reece Marr PC, Atlanta, GA, for Debtor.

David J. Dempsey, Coleman & Dempsey, Atlanta, GA, for Trizec Colony Square, Inc.

Guy G. Gebhardt, United States Trustee's Office, Atlanta, GA.

James W. Penland, Atlanta, GA, for Gaslowitz.

C. Ray Mullins, Kilpatrick Stockton LLP, Atlanta, GA, Chapter 7 Trustee.

## JUDGMENT

STACEY W. COTTON, Chief Judge.

By order of even date herewith, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the motion of the United States Trustee is **granted** sanctioning Paul Reece Marr in the amount of $1,000, plus any additional payments of attorney fees, if any, received from any source by or for the benefit of Debtor, which amount shall be paid to the Clerk of Court for the benefit of the United States within fifteen (15) days from the date of the entry of this judgment, and it is

**FURTHER ORDERED, ADJUDGED AND DECREED** that judgment is granted in favor of Movant, Trizec Colony Square, Inc., and against Respondent, Adam R. Gaslowitz, as a sanction in the amount of $1,031.04 for unpaid holdover rent, $5,000 attorney fees and $809.79 expenses for a total of $6,840.83, with said judgment to bear interest at the legal rate, and it is

**FURTHER ORDERED, ADJUDGED AND DECREED** that Debtor's Chapter 7 case is **dismissed with prejudice.**

The clerk is directed to serve a copy of this judgment upon counsel for Movants, Respondents, the Chapter 7 trustee and the United States Trustee.

IT IS SO ORDERED.

## ORDER

Before the court are the motions of the United States Trustee and Trizec Colony Square, Inc. ("Trizec")(collectively, "Movants") seeking the imposition of sanctions against Adam R. Gaslowitz ("Gaslowitz"), Secretary of Addon Corporation ("Debtor"), and Paul Reece Marr ("Marr"), Debtor's counsel (collectively, "Respondents"), pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure. The motions came on for hearing on October 19, 1998. Appearing at the hearing were Gaslowitz, individually and as Debtor's representative, counsel for Gaslowitz, Marr, individually and as counsel for Debtor, the Chapter 7 trustee, counsel for Trizec, and the United States Trustee ("U.S. Trustee"). The motions are granted. This is a core matter pursuant to 28 U.S.C. § 157(a)(2)(A). Upon consideration of the record, evidence and arguments of counsel, the court finds and concludes the following:

## FACTS

The facts are undisputed. On June 3, 1992, Debtor entered into an Office Lease Agreement ("lease") with Prudential Insurance Company of America, the predecessor in interest to Trizec. (Movant's Exh. 1).[1] The lease term commenced on July 1, 1992, and was to terminate on June 30, 1998. Debtor's business involved subleasing portions of this leased premises to small law firms and sole practitioners. (Debtor's brief at page 1).

Beginning in November 1997, Debtor defaulted in the payment of rent. Trizec's counsel served a default notice on Debtor on June 3, 1998, which declared the lease terminated effective immediately. (Movant's Exh. 20"). Even if not terminated by this notice, the lease terminated by its terms on June 30, 1998.

On May 26, 1998, Trizec filed suit against Debtor as tenant holding over in the Superior Court of Fulton County, Georgia. That Court ordered Debtor to pay $37,780.35 to the Court Clerk by July 1, 1998. Debtor did not make the required payment. Rather, on

July 1, 1998, Debtor filed its Chapter 7 petition which was signed by both Gaslowitz, as Debtor's Secretary, and Marr, as counsel for Debtor. The premises were surrendered to Trizec on July 6, 1998.

Debtor's acknowledged reason for filing its Chapter 7 petition was allegedly to protect Debtor's possessory interest in the premises, to limit and stay creditor claims and litigation, and to facilitate the orderly relocation of its sole remaining subtenant, Adam R. Gaslowitz & Associates. Gaslowitz was Debtor's sole director, secretary and only officer on July 1, 1998. Thus, Gaslowitz was acting as Debtor's sole remaining director and officer and his law firm was the only remaining subtenant. As such, he had actual knowledge and notice of Debtor's defaults and lease termination.

Debtor's schedules reflect that there are no secured creditors and only three unsecured creditors: Trizec, Gaslowitz and Ed Danowitz. Trizec is the only creditor that is not an insider or attorney of Debtor. Debtor's only scheduled asset was a $1,000 bank account. At the sanction hearing, Gaslowitz testified that the account actually contained in excess of $2,000.

## DISCUSSION

Movants assert that sanctions against Gaslowitz and Marr are warranted pursuant to Bankruptcy Rule 9011 because Debtor allegedly filed its case for the purposes of harassment and delay. Bankruptcy Rule 9011 governs the signing and verification of papers filed with the court. Because Bankruptcy Rule 9011 closely mirrors Rule 11 of the Federal Rules of Civil Procedure, authorities construing Fed.R.Civ.P. 11 are useful in applying Rule 9011. *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1572 (11th Cir.1995); *Leeds Building Products, Inc. v. Moore–Handley, Inc. (In re Leeds Building Products, Inc.)*, 181 B.R. 1006, 1009, n. 4 (Bankr. N.D.Ga.1995)(Drake, J.).

The purpose of Rule 9011 is to deter litigation abuse and unnecessary filings. Sanctions under Rule 9011 are war-

---

**1.** The exhibits have been marked "Plaintiff's Exhibit ...." The proper designation is "Movant's Exhibit ...," and they are referred to as such in this order.

ranted when: (1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose.[2] *In re Mroz*, 65 F.3d at 1572. An objective standard is applied by the court when making a determination regarding whether a party's conduct was reasonable under the circumstances. *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir. 1987); *In re Armwood*, 175 B.R. 779, 788 (Bankr.N.D.Ga.1994)(Murphy, J.). The court's inquiry should thus be limited to the facts and law known at the time the pleading was filed. *In re Mroz*, 65 F.3d at 1572.

When a party is found to be in violation of the rule, sanctions are mandatory. Fed.R.Bankr.P. 9011(c). The kind of sanction to be imposed is left to the discretion of the court, *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir.1987), and can be imposed upon any party who signed such pleading in violation of the rule. Fed.R.Bankr.P. 9011(c). The purpose of sanctions is to deter abusive practices and to compensate the offended party. *In re AT Engineering, Inc.*, 142 B.R. 990, 992 (Bankr.M.D.Fla.1992). "The proper measure is not necessarily the actual fees or expenses incurred; rather, an amount that is reasonable." *Railroad Center v. Thompson (In re Thompson)*, 165 B.R. 30, 33 (Bankr.M.D.Tenn.1994).

Gaslowitz and Marr assert that Debtor filed for Chapter 7 relief to protect its possessory interest for some unspecified period of time, to limit and stay creditor claims and litigation, and to allow Gaslowitz's law firm to vacate the premises. They cite several cases which support the position that a mere possessory interest, or tenancy at sufferance, constitutes a valid property right protected by the 11 U.S.C. § 362(a) automatic stay.

*See, Convenient Food Mart No. 144, Inc. v. Convenient Industries of America, Inc. (In re Convenient Food Mart No. 144, Inc.)*, 968 F.2d 592 (6th Cir.1992); *Cuffee v. Atlantic Business and Community Development Corp. (In re Atlantic Business and Community Development Corp.)*, 901 F.2d 325 (3d Cir.1990); *Di Giorgio v. Lee (In re Di Giorgio)*, 200 B.R. 664 (Bankr.C.D.Cal.1996) vacated on mootness and jurisdictional grounds, 134 F.3d 971 (9th Cir.1998); *Gambogi v. Capodalupo (In re Gambogi)*, 20 B.R. 587 (Bankr.D.R.I.1982). It is well established that a possessory interest may be protected by the § 362(a) automatic stay.

The issue presented is whether this corporate Debtor filed its Chapter 7 case in good faith. While this motion is not an 11 U.S.C. § 707 motion to dismiss, the court finds the reasoning of those cases to be helpful. A debtor's good faith is an implicit jurisdictional prerequisite for filing a bankruptcy petition. *See e.g., Huckfeldt v. Huckfeldt (In re Huckfeldt)*, 39 F.3d 829 (8th Cir.1994)(holding debtor's Chapter 7 petition filed to frustrate divorce court decree and to push ex-spouse into bankruptcy constitutes narrow definition of bad faith warranting dismissal of Chapter 7 petition); *In re Khan*, 172 B.R. 613 (Bankr.D.Minn.1994); *In re Creazzo*, 172 B.R. 657 (Bankr.M.D.Fla.1994). "Bad faith may be found when the debtor has a frivolous, noneconomic motive for filing a bankruptcy petition, when there is a sinister or unworthy purpose, or when there is an abuse of the judicial process." *In re Creazzo*, 172 B.R. at 659 *citing*, 4 Lawrence P. King, et al., Collier on Bankruptcy ¶ 707.03, at pp. 707–09 to 707–10 (15th ed.1992). Good faith requires that a debtor have honest intentions. *In re Ripley & Hill*, 176 B.R. 596,

---

**2.** Bankruptcy Rule 9011 provides, in part:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances—
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

598 (Bankr.M.D.Fla.1994)(Chapter 7 case citing the Chapter 13 case *In re Waldron,* 785 F.2d 936 (11th Cir.1986)).

■ The court looks first to the facts and law known at the time of Debtor's bankruptcy filing. Debtor filed its voluntary Chapter 7 case on July 1, 1998. There is no dispute that Debtor's lease with Trizec terminated prepetition.[3] (Movant's Exh. 20). Debtor had no assets in the premises at the time its case was filed. In fact, the law firm of Adam Gaslowitz, Debtor's sole remaining director and officer, was the only occupant of the premises. Debtor was not obligated to continue to provide premises for the Gaslowitz law firm.

Debtor filed this case to stay Trizec's state court action to obtain possession of its premises and payment of past due rent. Its only scheduled asset is a $1,000 bank account under the control of Gaslowitz.[4] As a matter of law, a corporation is ineligible for a Chapter 7 discharge of its debts. L. King, Colliers on Bankruptcy ¶ 727.01 at 727–9 (15th ed. rev.1996). Therefore, all debts will survive administration of this corporate Chapter 7 case.

Movants contend this case was not filed in good faith and was an abusive filing to frustrate Trizec in the exercise of its rights. Debtor contends the filing was in good faith for the purposes of protecting its possessory interest in the premises, to facilitate the orderly relocation of its sole remaining subtenant, the Gaslowitz law firm, and to limit and stay creditor claims and litigation.

Debtor's petition was signed by both Marr, as counsel for Debtor, and Gaslowitz, as Debtor's secretary. Marr is well known to the court as an experienced bankruptcy attorney who practices regularly in this court. Gaslowitz is an attorney in the Gaslowitz law

firm and Debtor's sole remaining director and officer. He is knowledgeable of Debtor's lease with Trizec. Both knew the Trizec lease had terminated prepetition, that Debtor had no assets in the premises, and the estate had no bankruptcy need for the premises.

The contention that the filing was also to limit and stay creditor litigation and claims is without merit. The purpose of Chapter 7 is to provide a debtor with a "fresh start" discharge and to effectuate an orderly and equitable distribution of the debtor's assets. Since a corporate Chapter 7 Debtor is ineligible for a "fresh start" discharge, all corporate debts survive undiminished. Chapter 7 administration of this case will not limit creditor litigation or claims against the corporate Debtor; it merely delays it.

Considering the facts and circumstances known to both Marr and Gaslowitz at the time of filing, the court finds that the filing of this case was for an improper purpose and was not reasonable. Both knew or by reasonable inquiry could have determined that: (1) a Chapter 7 bankruptcy case for Debtor serves no bankruptcy purpose, (2) all creditor claims survive the bankruptcy, (3) there is no debtor and creditor relationship to be adjusted, (4) a "fresh start" discharge could not be granted; and (5) Debtor's nominal bank account, and only asset, could be distributed pro rata without a bankruptcy administration.

The court concludes that this case was filed to hinder, delay and frustrate Trizec in the exercise of its rights and to further the interest of Gaslowitz's law firm. This unnecessary filing was for an unworthy purpose, in bad faith and an abuse of the bankruptcy process and system. Therefore, both Marr and Gaslowitz should be sanctioned pursuant to Rule 9011 for the abusive filing.

---

**3.** Both parties appear to argue in their briefs that the lease terminated on June 30, 1998. If so, then the lease terminated by its stated term. 11 U.S.C. § 362(b)(10) provides:

> (b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—
> (10) under subsection (a) of this section, of any act by a lessor to the debtor under a

lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property;

11 U.S.C. § 541(b)(2) would exclude such expired nonresidential real property interest from property of the estate.

**4.** Gaslowitz testified that the account actually contained a deposit in excess of $2,000.

■ Sanctions "may be imposed for the purpose of deterrence, compensation and punishment." *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir.1993), citing *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1334 (11th Cir.1992). "Although the sanctions most commonly imposed are costs and attorney's fees, the selection of the type of sanction to be imposed lies within the district court's sound exercise of discretion. The imposition of a monetary sanction is a particularly reasonable use of a court's discretion under Rule 11." *Donaldson v. Clark*, 819 F.2d at 1557 (citations omitted). The factors to be considered in determining a proper sanction for a bad faith filing are (1) the expenses incurred by the creditor; (2) the debtor's familiarity with the bankruptcy process; (3) the dual purpose of Bankruptcy Rule 9011 to punish and deter; and (4) the severity of the violation. *Whitney Apartments Associates v. McGlamry (In re Whitney Place Partners)*, 123 B.R. 117, 122 (Bankr.N.D.Ga.1991)(Murphy, J.), affd., 966 F.2d 681 (11th Cir.1992), citing *In re King*, 83 B.R. 843 (Bankr. M.D.Ga.1988).

■ When compensating a party for its expenses, the court also considers whether the creditor acted reasonably while incurring its expenses. *Baker v. Alderman*, 158 F.3d 516, 528 (11th Cir.1998)(in a Title VII, action the district court should inquire as to the extent to which the nonviolating party's expenses could have been avoided, or mitigated, and reduce or increase the award accordingly), citing *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 878 (5th Cir.1988)(applying Fed.R.Civ.P. 11). Rule 9011(c)(2) permits "an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a result of the violation." Thus, the fees and expenses must be reasonable and the direct result of a party's actionable conduct. *Id.* Such consideration will prevent a creditor from "padding" expenses in an attempt to mete out punishment of its own. The interests of fairness require courts to prevent such extra-judicial conduct.

In the present action, Trizec seeks recovery of attorney fees, expenses, and holdover rent from July 1 through July 8, 1998. The U.S. Trustee seeks the dismissal of Debtor's case, sanctions in an amount sufficient to deter such conduct in the future and for the payment of all noticing charges and court costs.

Gaslowitz testified the keys to the premises were surrendered to Trizec's counsel at the July 6, 1998 hearing. This testimony is supported by Trizec's counsel's billing records.[5] Moreover, Trizec produced no credible evidence to establish that Debtor or any sublessee remained in the property after July 6, 1998. The court finds and concludes that Debtor was a holdover tenant from July 1 through July 6, 1998, and the holdover rent must be limited to that period.

■ Debtor's counsel should not receive any compensation for unnecessarily invoking the bankruptcy process in bad faith. The court will thus require Debtor's counsel, Paul Reece Marr, to disgorge to the Clerk of the Court the $1,000 fee paid to him, plus any additional amounts paid for services performed in connection with this Debtor's Chapter 7 case. (Compensation Statement of Attorney for the Debtor). The court concludes that such sanction will serve as an adequate deterrent.

■ Prior to the bankruptcy filing, Gaslowitz knew the Trizec lease had terminated. His law firm was not in privity with Trizec and had no right to remain in the premises. He apparently tried, unsuccessfully, to negotiate a lease with Trizec. When that failed, Gaslowitz used his corporate position as the Debtor's sole remaining director and officer to protect his law firm by causing this corporate Debtor to file this unnecessary and meaningless Chapter 7 bankruptcy case. Such conduct cannot be countenanced and is deserving of sanction.

---

5. A July 8, 1998 time entry reflects that counsel's paralegal, Kristen A. Carfagno, participated in a telephone conference with a Ms. Altomante (a Trizec employee) regarding access for Debtor to dispose of trash. (Trizec's October 6, 1998 Amended Motion, Exh. A, unnumbered page 2). It is reasonable to infer that there would have been no need to seek permission or access if the premises had not been surrendered.

Since Gaslowitz and his law firm admittedly received the benefits of possession of the Trizec premises from July 1, 1998 through July 6, 1998, the court concludes that he should pay Trizec holdover rent for this period. Trizec's contract provides for monthly rent and fees of $4,355.63, which, in the event of a holdover, is increased to 120 percent of the monthly rent. Thus, the daily rental rate for this holdover period is $171.84 [6] for six (6) days which totals $1,031.04.

Trizec also seeks $9,445.50 for attorney fees, and $809.79 expenses. Counsel introduced billing records for the period July 1 through October 5, 1998. (Trizec's October 6, 1998 Amended Motion, Exh. A). These records reflect that counsel rendered a total of 89.7 hours of service with 38.7 hours billed at $165 per hour for attorney time and 51 hours billed at $60 per hour for paralegal time, plus costs and expenses of $809.79. Respondents have not alleged or contended that Trizec's counsel did not perform the services set forth in the time records.

■ Although Respondents have objected generally to the amount of attorney fees, neither party has presented any evidence with regard to the prevailing market rate in this legal community. Absent such evidence, the court must consider the allowance of compensation based upon its own experience and expertise. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). In this court's experience, hourly rates charged by other attorneys in this legal community with comparable skill, experience and reputation vary from $100 to $200 per hour for attorneys and $50 to $100 per hour for paralegals. Trizec's counsel has billed at $165 per hour for attorney time and $60 per hour for paralegal time. Therefore, the court finds and concludes that these rates are reasonable and are within the hourly rates charged by comparable counsel.

The law requires that a sanction for reasonable attorney's fees and expenses must be limited to those incurred as a direct result of an opposing party's actionable conduct. Having reviewed this record and considered the evidence, the court is satisfied that Trizec acted reasonably in moving to protect its interests and for sanctions. Respondents have not identified the objectionable time entries, with two or three exceptions, with sufficient specificity to enable the court to separately evaluate the extent to which Respondents contend the entries are excessive or unreasonable. Trizec's counsel has lumped multiple services within one entry and has not provided evidence establishing time spent on each discrete service set forth in each time entry. Absent such evidence, the court considers the request on a proportional basis. *Norman*, 836 F.2d at 1303.

The attorney fees and expenses requested were the direct result of Debtor's bad faith, abusive filing of this case. The issues involved were not complicated. Counsel's services appear to contain substantial overlap in attorney and the paralegal time.[7] The entries are not sufficiently descriptive to enable the court to evaluate the reasonableness of the time in each entry. Clearly, a substantial amount of time by both was warranted. Based upon this court's knowledge of the issues and in trying similar matters, a proportional reduction of fees is appropriate. The court finds that attorney fees of $5,000, plus expenses, is a reasonable sanction for the services incurred as a result of this bad faith, abusive filing. The court is satisfied that such sanction will serve as an adequate deterrent.

6. The $171.84 daily rate is computed by multiplying $4,355.63 by 120 percent. This amount, $5,226.76 is multiplied by 12 (totaling $65,-721.12) representing the number of months in a year and then divided by 365 representing the number of days in a year.

7. For example, counsel's time records reflect that on July 2, 1988, he incurred 6.8 hours of paralegal time in preparation, revision and filing of the motion for stay relief, plus 5.8 hours of attorney time which included review, revision and preparation of the motion, etc. Then on July 6, 1998, counsel incurred attorney time of 7.8 hours and 7.5 hours of paralegal time which included preparation for hearing, client conferencing and argument of motion. Since these and other entries lump several discrete services in one entry with no indication of time spent on each, it appears that they contain a redundant and unnecessary time which the court is unable to identify.

No objection is made to the expenses. The court finds them to be reasonable and the result of Respondents' action. Therefore, expenses of $809.79 are allowed. Accordingly, it is

**ORDERED** that Paul Reece Marr is sanctioned $1,000 for fees paid to him as Debtor's attorney, as reflected in his compensation statement of attorney, plus any additional payments, if any, received from any source by or for the benefit of the Debtor and shall pay said sum or sums to the Clerk of Court for the benefit of the United States within fifteen (15) days from the date of the entry of this order, and it is

**FURTHER ORDERED** that sanctions are imposed against Adam R. Gaslowitz and in favor of Movant, Trizec Colony Square, Inc., in the amount of $1,031.04 for unpaid rent, $5,000 attorney fees and $809.79 expenses for a total of $6,840.83, and it is

**ORDERED** that Debtor's Chapter 7 case is **dismissed with prejudice**, provided, however, that the court retains jurisdiction to enforce this order.

The clerk is directed to serve a copy of this order upon counsel for Movants, Respondents, the Chapter 7 trustee and the United States Trustee.

IT IS SO ORDERED.