**Michael MELKERSEN, Appellant,**

v.

**RAY CONSTRUCTION CO., INC., Shulman, Rogers, Gandal, Pordy & Ecker, P.A., James M. Hoffman, and David B. Perlmutter, Appellees.**

**Civ.A. No. PJM 03–3288.**

United States District Court,
D. Maryland.

Aug. 17, 2004.

Michael J. Melkersen, Pro Se.

James Martin Hoffman, Rockville, MD, for defendants.

## *OPINION*

MESSITTE, District Judge.

### I.

Ray Construction Company ("Ray"), a no-asset corporation, filed a Petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 109. A single creditor, Michael Melkersen, assignee of a judgment of approximately $4,800 (grown to some four times that amount with post-judgment interest), filed a Motion to Dismiss the Petition and a Motion for Sanctions. The Bankruptcy Court held that an assetless corporation is not entitled to file for a Chapter 7 bankruptcy, dismissed the Petition and, finding that the Petition had been filed in "bad faith," imposed a sanction in the amount of $300 against Ray, its president David B. Perlmutter, and its attorneys James Hoffman and Shulman, Rogers, Gandal, Pordy & Ecker, P.A. Ray, et al. appealed the dismissal and sanction, and this Court remanded the case to the

Bankruptcy Court for reconsideration.[1] On remand, the Bankruptcy Court held that the case "was filed in bad faith and for an improper purpose," re-affirmed its previous dismissal Order, and declined to increase the $300 sanction it had originally imposed. Melkersen appealed this decision, asking the Court to increase the sanction. Ray, et al. have moved to dismiss the appeal, while also responding on the merits. The Court will (1) DENY Appellees' Motion to Dismiss the Appeal and (2) AFFIRM IN PART and REVERSE IN PART the Bankruptcy Court's ruling of September 12, 2003.

## II.

Ray was undisputably a defunct, assetless corporation when it filed its Chapter 7 Petition. At the time, Melkersen, was pursuing discovery against Ray in the court of Montgomery County, Maryland, as he had been for several years. Judges of the Circuit and District Courts of Montgomery County had previously sanctioned Ray for failing to provide the requested discovery and, at the time it filed its Chapter 7 Petition, Ray was facing imminent civil contempt proceedings based on its failure to make discovery. Perlmutter Properties, a company run by Ray's president David Perlmutter, paid Ray's counsel a fee of $2,000 to file the Chapter 7 Petition.

When the Bankruptcy Court dismissed Ray's Petition, it did so solely on the grounds that a no-asset corporation is not eligible to file a Chapter 7 petition. While the Bankruptcy Court found that the filing had been in bad faith, it did not dismiss on that basis, awarding a nominal sanction of

$300. Consequently, when, on remand, the Bankruptcy Court re-affirmed its dismissal of the Petition, it specifically held that the Chapter 7 Petition was both objectively futile and had been filed for an improper purpose. The Bankruptcy Court declined, however, to increase the $300 sanction.

Melkersen responded to the Bankruptcy Court's ruling on remand by filing an appeal and also by filing with the Bankruptcy Court a Motion to Alter or Amend and a Motion to Make Additional Factual Findings. While the appeal was pending, the Bankruptcy Court issued orders essentially unfavorable to Melkersen, ordering, however, that Ray's counsel return to Perlmutter Properties the $2,000 Perlmutter provided for the filing of the Chapter 7 Petition. The Bankruptcy Court's Order, dated February 2, 2004, once again reaffirmed the $300 sanction. Melkersen did not appeal from this order. As a result, Ray, et al. have filed a Motion to Dismiss (the) Appeal As Moot, arguing that the Order superseded its ruling of September 2003, mooting the present appeal. Melkersen argues that the February 2004 Order of the Bankruptcy Court was merely advisory, since it lacked jurisdiction to enter it.

## III.

A district court reviews factual determinations of the bankruptcy court on the basis of clear error. Fed. R. Bank. P. 8013; *In re Stanley*, 66 F.3d 664, 667 (4th Cir.1995). The clearly erroneous standard also applies in reviewing findings of bad faith. *See, e.g., Dunes Hotel Assoc. v. Hyatt Corp.*, 245 B.R. 492, 496 (D.S.C.

---

1. The Court remanded the case because it believed that an alternative factual basis existed upon which it might be determined that Ray had filed its Petition in bad faith and for an improper purpose, specifically to avoid contempt proceedings in state court. The Court noted at the time of remand that, after passing upon this question, the Bankruptcy Court might wish to assess additional attorneys fees and costs against Ray, et al.

2000) (*citing Marsch v. Marsch*, 36 F.3d 825, 828 (9th Cir.1994)). An award of sanctions is reviewed using an abuse of discretion standard. *See In re Weiss*, 111 F.3d 1159, 1170 (4th Cir.1997). A court abuses its discretion if it bases its order for sanctions on "an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.*

## IV.

■ The Court considers Appellees' Motion to Dismiss Appeal As Moot, and concludes, under *Fobian v. Storage Technology Corp.*, 164 F.3d 887 (4th Cir.1999), that the Bankruptcy Court lacked jurisdiction to rule on Melkersen's Motion for Relief from Judgment, given that the present appeal was pending in this Court. *Id.* at 890–91 (holding that a lower court cannot grant a Rule 60(b) motion after an appeal has been filed, unless the appellate court grants a limited remand upon the trial court entering a memorandum indicating its inclination to grant the Rule 60(b) motion). Accordingly, Appellees' Motion to Dismiss will be DENIED.

The Court turns to the finding of the Bankruptcy Court that Appellees' filing of the Chapter 7 Petition was made in bad faith and for an improper purpose, and concludes that the Bankruptcy Court clearly erred in its assessment of the evidence, i.e., abused its discretion, in awarding only $300 as a sanction.

■ A court awarding sanctions is obliged to explain why its chosen penalty is "the minimum amount of sanctions reasonably necessary to deter." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1387 (4th Cir.1991). Despite a record that fairly dictates a more than nominal sanction, the Bankruptcy Court failed to make appropriate findings in this regard. In determining an appropriate sanction, a court imports the rationale of Fed.R.Civ.P. 11

and must consider (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum award necessary to deter the improper conduct; (3) the ability of the offending party to pay the sanction; and (4) factors relating to the severity of the violation. *In re Kunstler*, 914 F.2d 505, 523 (4th Cir.1990). The Court considers these factors in the present case, albeit in different sequence.

■ The violation in this case was not trivial. While the Chapter 7 filing was not the most egregious filing imaginable, it was severe enough. After years of resisting discovery, on the eve of being cited for contempt, a supposedly no-asset corporation made an unjustified filing in Bankruptcy Court. That action required Melkersen, the creditor, to file motions to dismiss and for sanctions, which the corporation and its attorneys vigorously resisted. The Court sharply disagrees with the Bankruptcy Court and deems it clear error for that Court to have held that Melkersen's filing of his Motion to Dismiss the Chapter 7 Petition was "wrongheaded." Ray, et al. were trying to use the bankruptcy filing to cut off any inquiry into Ray's assets in state court. Melkersen quite properly was entitled to oppose that stratagem. He was obviously required to expend considerable time in doing so, in addition, of course, to the time he had to expend when Ray et al. appealed the Bankruptcy Court's dismissal and its initial imposition of the $300 sanction. The Court finds that Ray's history and the degree to which its bad faith contributed to its violation militate in favor of a sanction in this case. *Id.* at 524.

■ Another factor relevant to judging the reasonableness of a sanction is the reasonableness of the creditor's attorney's fees and costs in coping with the violation. This factor presents a problem in the pres-

ent case since the creditor at all relevant times was a law clerk and was acting *pro se*. In other words, he incurred no attorney's fees. He did, however, incur $1,515.74 in costs for which he seeks reimbursement. The Court, of course, is unable to reimburse Melkersen for attorney's fees since he incurred none. At the same time, the Court is not inclined to award the requested costs. Travel expenses incurred to litigate one's claims and time lost from work are characteristic "costs" in virtually every litigated case and are never deemed reimbursable as court costs. They will not, therefore, be reimbursed here.

■ That said, the Court does not find that Melkersen, as a *pro se* litigant, is automatically disqualified from receiving the benefit of a greater than nominal sanction vis-a-vis Ray et al. If he were, it would be open season for litigants and/or their counsel to act with unlimited bad faith and improper purposes against unrepresented persons simply because they are unrepresented. A court would be rendered unable to deter misconduct, however reprehensible it might be. This simply cannot be the case. That is why, as one court has observed, that "[a]lthough the sanctions most commonly imposed are costs and attorneys fees, the selection of the type of sanction lies with the district court's discretion...". *Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir.1987); *Accord, In re Kunstler*, 914 F.2d at 523 ("... a monetary sanction should never be based solely on the amount of attorney's fees claimed by the injured party..."). The Court therefore finds the attorney fee and cost factor inapplicable in the present case.

■ A third factor relevant to judging the reasonableness of a sanction is the ability of the sanctioned party to pay. Here, Ray et al. were clearly able to come up with at least $2,000 to pay counsel to file the groundless Chapter 7 proceeding. The Court takes judicial notice of the fact that Ray's counsel is part of a multi-attorney Montgomery County law firm with an extensive commercial practice. Given the extent of the pleadings in this case, the appeals, and oral arguments that Ray has pursued through counsel, the Court has little doubt that Ray has had access to substantial funds to compensate its counsel, hence that it has the ability to pay sanctions considerably more than the $300 ordered by the Bankruptcy Court.

The final factor the Court is directed to consider when considering the reasonableness of a sanction is the minimum amount adequate to deter the undesirable conduct. The Court concludes that the Bankruptcy Court committed clear error when it minimized this factor. The $300 awarded will in no way help to deter conduct of the sort Ray et al. engaged in here. On comparable facts, the Bankruptcy Court of the Northern District of Georgia awarded a sanction in excess of $5,800 against the filing attorney, including ordering him to disgorge the $1,000 fee paid to him for his "bad faith" filing. *In re Addon*, 231 B.R. 385 (Bankr.N.D.Ga.1999).[2]

In this case, the demands of deterrence clearly require a substantial augmentation of the Bankruptcy Court's award. Although Melkersen asks the Court not only to order Ray's counsel to disgorge the $2,000 fee initially paid to it but *all* fees they received (potentially thousands of dollars), the Court is not prepared to go that far. The Court will, however, order Ray, Perlmutter, and counsel to disgorge the $2,000 in fees and pay that sum to Melkersen, in addition to the $300 ordered by the

**2.** Insufficient sanctions are frequently increased by multiples on review by higher courts. *See, e.g., Eastway Const. Corp. v. City of New York,* 821 F.2d 121 (2nd Cir.1987).

Bankruptcy Court, for a total of $2,300. While the Court recognizes that it could make a greater award, it is, quite frankly, disinclined to give the parties further incentive to pursue this litigation.

Accordingly, the Court will AFFIRM the September 12, 2003 Order of the Bankruptcy Court insofar as it found Ray et al. to have acted in bad faith and for improper purposes in filing the Chapter 7 Petition. The Court will REVERSE the Bankruptcy Court's Order insofar as it imposed a sanction of $300 on Appellees and will increase the amount of the sanction to $2,300.

A separate Order will be entered.

### FINAL ORDER OF JUDGMENT

In consideration of Michael Melkersen's Appeal of the Bankruptcy Court's September 12, 2003 ruling [Paper No. 3], Appellee's Response thereto [Paper No. 4], Melkersen's Reply [Paper No. 5], Appellee's Motion to Dismiss Appeal As Moot [Paper No. 10], and Melkersen's Opposition thereto [Paper No. 11], it is, for the reasons set forth in the accompanying Opinion, this 13 day of August, 2004,

ORDERED:

(1) The Bankruptcy Court's September 12, 2003 ruling is REVERSED IN PART and AFFIRMED IN PART;

(2) The Bankruptcy Court's September 12, 2003 ruling is REVERSED insofar as it imposed a $300 sanction upon Appellees Ray et al.;

(3) Appellees Ray et al. shall pay to Appellant Melkersen a sanction of $2,300;

(4) The Bankruptcy Court's September 12, 2003 ruling is AFFIRMED in all other respects;

(5) All other pending Motions are deemed MOOT;

(6) The Clerk shall CLOSE this case; and

(7) The Clerk shall MAIL a copy of this Order and the accompanying Memorandum Opinion to Appellant Michael Melkersen and to counsel for Appellees.