**In the Matter of BAR–B–QUE MANAGE-MENT ASSOCIATES, INC., Debtor.**

**Bankruptcy No. 85–1358–BKC–6P7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Jan. 21, 1988.

Jules S. Cohen, P.A., Orlando, Fla., trustee.

Paul Newnum, Orlando, Fla., for debtor.

## MEMORANDUM OPINION ON FEE APPLICATIONS

GEORGE L. PROCTOR, Bankruptcy Judge.

The Court has before it for decision the amount which should be set for the fees for the trustee and the trustee's attorney.

The debtor filed a voluntary Chapter 7 case in this Court. According to the schedules of assets filed by the debtor this appeared to be a no asset case. Jules S. Cohen was appointed as trustee. He employed himself as attorney for the trustee.

The Chapter 7 case was filed on September 23, 1985. After January, 1986, the trustee was informed by a creditor that debtor might have an interest in an insurance policy and that the insured had died.

The trustee's investigation indicated that debtor did own a life insurance policy on the life of Michael W. Blackmon, Sr., but that four months before the filing of the bankruptcy the debtor had transferred ownership of this policy to Corporate Management Group of Orlando, Inc. (Corporate), an affiliated corporation of the debtor. The debtor also changed the beneficiary of the policy to Corporate and entered into an agreement with the insurance company for payment of the $2,000,000.00 death benefit in installments over ten (10) years. The insured died in January, 1986.

The trustee's attorney immediately filed suit against Corporate and the insurance company to invalidate the transfer of the ownership of the policy, the change of beneficiary, and the installment method of payment of the death benefit as fraudulent transfers by the debtor. Corporate contested the suit stating that it gave adequate consideration to the debtor for transfer of the property, that the change of beneficiary was not a transfer of property of the debtor and that Corporate had paid the premiums on the policy after the transfer. The trustee received a settlement offer of $25,000.00 which he rejected.

The attorney for the trustee did extensive legal research and found cases in support of the trustee's position and furnished these to the attorney for Corporate. After extensive renegotiations, a settlement agreement was reached between the trustee and Corporate. Before it could be executed, a group of former shareholders contacted the trustee and made a demand for payment of $1,500,000.00 of the insurance proceeds to them. There then took place another long period of negotiations between the trustee, Corporate and the former shareholders which resulted in a settlement agreement. The trustee entered into a settlement agreement with Corporate and the shareholders under which the installment payment method of the death benefit was rescinded. Under that agreement, the trustee collected the full amount of the death benefit and accrued interest. The trustee retained in the bankruptcy estate $538,000.00 which appears to be sufficient to pay all the costs of administration and to pay in full all claims which have been filed in the bankruptcy case. After retention of the $538,000.00 in the bankruptcy estate, the trustee paid $500,000.00 to the shareholders in full settlement of their claim and the balance of the money to Corporate in full settlement of its claim to this money.

The $538,000.00 together with interest earned on it since then is sufficient to pay all claims which have been filed in this bankruptcy case, including untimely claims, and all costs of administration which have been applied for.

The trustee has applied for a fee of $64,382.97 which is the maximum allowed under the bankruptcy code. The trustee's attorney has applied for a fee of $161,400.00 which represents 30% of the

$538,000.00 which was recovered. An objection was filed to these fee applications by the debtor. An evidentiary hearing was held on the objection on December 23, 1987 at which the trustee and the debtor presented evidence.

In deciding the amounts which should be set for the fees, this Court utilizes the 12 criteria listed in the case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, and the case of *In the Matter of First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.1977) as well as the lodestar method of determining fees.

The Court has considered the time spent in rendering services which was 10.5 hours of time in doing trustee's work and 31.6 hours of time spent doing attorney's work. The case presented novel and difficult questions concerning the transfer of the insurance policy, change of beneficiary, and change of method of paying the death benefit. Skill was required to promptly file suit against Corporate and the insurance company to prevent payment of the insurance proceeds to Corporate. Additional skill was required in order to negotiate the settlement. The attorney was not precluded from other employment due to acceptance of the case. The fee was contingent in nature because there were no other assets in the case besides the recovery from this claim. There were no burdensome time limitations imposed by the client or other circumstances other than the need to file suit promptly to prevent payment of the insurance proceeds.

The Court has also considered the amount involved and the excellent result obtained which will be 100% payment of all claims in this case, including untimely claims. The undesirability of the case and the nature and length of the professional relationship with the client do not justify any adjustment to the amount to be set for the fee.

Experience, reputation and the ability of the attorney are excellent. The Court has considered customary fees and awards in similar cases.

The trustee's attorney deserves a bonus added on to the fee for the contingent nature of the fee and the excellent results obtained. In the Bankruptcy Code of 1978 Congress stated in Section 330 that the Court should consider cost of comparable services in non-bankruptcy cases. Congress has thus overruled the statement in *First Colonial* that fees in bankruptcy cases should be at the lower spectrum of reasonableness. Therefore, this Court makes no distinction between fees that should be set in bankruptcy cases and non-bankruptcy cases.

The amount of the fee for the trustee should be in the amount of the statutory maximum of $64,382.97. The trustee's attorney requests 30% of the amount of the recovery as the attorney's fee. The Court accepts 30% as a reasonable fee for the attorney's services using the criteria of *First Colonial.*

■ However, the Court must divide the services rendered as trustee and attorney for trustee. Where, as in this case, the same person occupies both positions, the Court must not make an award of fees that would be duplicative. The large amount awarded as trustee's fee includes part of the work which the attorney did. Therefore, the Court will reduce the requested attorney's fee of $161,400.00 by $50,000.00 making the attorney's fee $111,400.00.

Therefore, the applicant will receive the trustee's fee of $64,382.97 and a fee as attorney for the trustee of $111,400.00. A separate order will be entered accordingly. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law.