**In re Kenneth Nethaniel MOBLEY and Brendisa Ann Mobley, Debtors.**

**Bankruptcy No. 96–1947–BKC–3P3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Dec. 17, 1996.

Mark Kessler, Jacksonville, FL, David Stern, Hollywood, FL, for Creditor.

Christopher DeMetros, Jacksonville, FL, for Debtors.

Mamie Davis, Chapter 13 Trustee, Jacksonville, FL.

### ORDER ON COLONIAL MORTGAGE COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon a Motion of Colonial Mortgage Company for Relief from the Automatic Stay. The court finds:

1. On February 27, 1996, a Summary Final Judgment in Foreclosure was entered in the state court. On March 28, 1996, Colonial Mortgage Company, purchased Debtors' property at a judicial foreclosure sale. A Certificate of Sale was issued the same day.

2. On April 4, 1996, Debtors filed a Chapter 13 bankruptcy petition.

3. On July 24, 1996, Colonial Mortgage moved for Relief from the Stay, or in the alternative, for Adequate Protection. On August 19, 1996, the Court entered an Order Granting Adequate Protection to Colonial Mortgage.

4. On October 18, 1996, Colonial Mortgage moved for lifting of the Automatic Stay to complete its state court suit. On October 29, Debtors moved to dismiss Colonial Mortgage's Motion for Relief from the Stay. A hearing was held on November 12, 1996, and the Court requested that the parties submit memoranda of law on the issue of whether a secured creditor waives jurisdiction when the Debtors' property was sold at a foreclosure sale, a certificate of sale was issued six days before the Debtors filed their Chapter 13 bankruptcy petition, and the creditor moved for relief from the automatic stay, or in the alternative for adequate protection post-petition.

5. The parties subsequently submitted memoranda of law to the Court. In its memorandum of law, the Colonial Mortgage argues that the Debtors' right to cure the mortgage default and reinstate the mortgage ended at the issuance of the certificate of sale and the Mortgagee is entitled to Relief from the Stay to pursue its final foreclosure remedies in state court, and any acceptance of adequate protection payments is not a waiver of its statutory rights as a buyer at the foreclosure sale.

6. Debtors, on the other hand, argue that Colonial Mortgage waived any objection it may have had to the Court's jurisdiction when it moved for relief from the automatic stay, or in the alternative for adequate protection, and was later granted an Adequate Protection Order.

7. Debtors mortgage with Colonial Mortgage cannot be reinstated and the default in the mortgage cannot be cured because the property was sold and a certificate of sale was issued before the Debtors filed their bankruptcy petition. *See* 11 U.S.C. § 1322(c)(1); *In re Jaar*, 186 B.R. 148, 154 (Bankr.M.D.Fla.1995) (Glenn, J.). The *Jaar* case stated that the filing of a certificate of sale is the conclusion of the foreclosure sale. *Id.* In this case, the certificate of sale was issued on March 28, 1996 and the Debtors filed the bankruptcy case on April 4, 1996.

8. Colonial Mortgage's acceptance of adequate protection payments does not constitute a waiver of the Court's jurisdiction to reinstate the mortgage and allow the Debtors to cure default in the mortgage through the Chapter 13 Plan. *See In re Ziyambe*, 200 B.R. 790, 799 (Bankr.D.N.J.1996). However, payments received by Colonial Mortgage pursuant to the Adequate Protection Order of August 19, 1996 shall be returned to Debtors.

It is **ORDERED:**

1. Pursuant to 11 U.S.C. § 1322(c)(1), Debtors cannot reinstate or cure default in their mortgage with Colonial Mortgage Company.

2. Payments received by Colonial Mortgage pursuant to the Adequate Protection Order of August 19, 1996 shall be returned to Debtors within fifteen (15) days.

3. Colonial Mortgage Company may proceed with its foreclosure action in state court.