**In re William E. GRIGSBY, Debtor.**

**Bankruptcy No. 99–31647–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida.

May 10, 1999.

Thomas L. Abrams, Shapiro & Abrams, Plantation, FL, for Union Planters Realty Inc.

Kurt M. Frim, Boca Raton, FL, for Debtor.

### ORDER AWARDING SANCTIONS AGAINST DEBTOR AND DEBTOR'S COUNSEL

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court on April 29, 1999 for consideration of the emergency motion of Union Planters Realty, Inc. ("Union Planters"), for relief from the automatic stay, for Rule 9011 sanctions against the debtor and debtor's counsel, and for disgorgement of fees. Before the hearing, the debtor agreed to relief from the automatic stay, leaving the Court with

the issue of whether sanctions should be imposed against the debtor and/or the debtor's counsel, Kurt Frim. The Court, having considered the argument of counsel and the history of the debtor and his wife in this court, awards sanctions against the debtor, William Grigsby, and his counsel, Kurt Frim, in favor of Union Planters.

Since 1996, the debtor and his wife Kathryn have filed serial bankruptcy petitions in an effort to hinder and delay their creditors. On October 1, 1996, the debtors jointly filed their first bankruptcy petition. During the course of that bankruptcy, the case was dismissed and reinstated twice before a plan was finally confirmed on September 19, 1997. The confirmation was quickly followed by the Chapter 13 Trustee's motion to dismiss, filed on November 25, 1997. The case eventually was dismissed on February 2, 1998 with prejudice to the filing of another bankruptcy petition for a period of 180 days from the date of the dismissal. Union Planters then filed a foreclosure action on July 10, 1998. On July 24, 1998, Kathryn Grigsby individually filed a bankruptcy petition. This petition was filed within the 180 day prejudice period, and the case was dismissed on September 11, 1998, for debtor's failure to file schedules. On January 6, 1999, the day before the foreclosure sale on the debtor's property, Kurt Frim, on behalf of Kathryn Grigsby, filed a motion to vacate the dismissal on the incredulous grounds that Kathryn Grigsby's July 24, 1998 petition was a legal nullity because it was filed within the prejudice period of the February 2, 1998 dismissal order. The Court promptly denied the motion to vacate and Union Planters reset its foreclosure sale for March 25, 1999. The foreclosure sale was held on March 25, 1999, with Union Planters being the successful foreclosure sale bidder, but before the certificate of title could be issued, William Grigsby filed the present bankruptcy on April 2, 1999. Despite the clear authority to the contrary that the filing of a bankruptcy after a foreclosure sale does not stop the issuance of a certificate of title, *see, In re*

*Mobley,* 203 B.R. 784 (Bankr.M.D.Fla. 1996); *In re Reid,* 200 B.R. 265 (Bankr. S.D.Fla.1996); *In re Jaar,* 186 B.R. 148 (Bankr.M.D.Fla.1995), William Grigsby contends that he was told by a Union Planters' representative that so long as he cured the arrearage within ten days of the sale, Union Planters would rescind the sale. Whether Mr. Grigsby's representation is true is irrelevant because rather than cure the arrearage, Mr. Grigsby filed the instant bankruptcy. Further, at the time of the hearing, 27 days after the petition was filed, the Debtor had yet to file a Chapter 13 plan.

Union Planters alleges that the debtor's conduct, along with the conduct of his wife, manifests nothing more than an attempt to hinder, delay and defraud Union Planters. Thus, Union Planters argues that the only way to uphold the integrity of the bankruptcy process is to sanction the debtor and the debtor's counsel.

The serial filing of bankruptcy petitions in and of itself is not *per se* bad faith. *See, Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). Rather, courts have looked to the totality of circumstances in determining whether a filing is in bad faith. *In re Standfield,* 152 B.R. 528 (Bankr.N.D.Ill. 1993). In *Standfield,* the bankruptcy court reviewed a quartet of Seventh Circuit decisions that established a "totality of circumstances" test to analyze good faith. *In re Rimgale,* 669 F.2d 426 (7th Cir.1982); *In re Smith,* 848 F.2d 813 (7th Cir.1988); *In re Schaitz,* 913 F.2d 452 (7th Cir.1990); *In re Love,* 957 F.2d 1350 (7th Cir.1992). Based on these decisions, the *Standfield* court determined that a bankruptcy court, in assessing whether a case has been filed in bad faith, should consider (1) whether the case has been an abuse of the provisions, purpose, or spirit of the chapter; (2) whether the debtor has proposed a fundamentally fair plan; and, (3) whether the debtor had an opportunity to refute the

"bad faith" allegations. *See, Standfield,* 152 B.R. at 536–37.

 In this case, the course of conduct by the debtor and his wife clearly exhibits an abuse of the bankruptcy provisions. In the three bankruptcies filed by the debtor and/or his wife, no feasible plan was proposed. Only in the first bankruptcy case was a plan confirmed, and that case was dismissed a short time after the confirmation hearing. The debtor made no attempt to challenge the factual allegations of Union Planters, and has done nothing except frustrate his creditors. Consequently, the Court finds that the filing of this bankruptcy was in bad faith.

 Union Planters seeks sanctions in the amount of $1,575.00, which represents its bankruptcy counsel's time spent only in the instant case. Bankruptcy courts may award sanctions pursuant to Bankruptcy Rule 9011 if a bankruptcy petition is presented to the court for an improper purpose. The Court has already determined that this bankruptcy was filed for an improper purpose. Rule 9011 sanctions can be imposed upon the parties as well as their counsel in appropriate cases. *In re Smith,* 111 B.R. 81, 86 (Bankr. E.D.Pa.1990). The Court finds that this case warrants the imposition of sanctions against the debtor as well as his attorney. By the coordinated filings of the bankruptcies, it is clear that both the debtor and his counsel fully understood the significance of alternating the filings between his wife and him, and the dilatory effect that such filings would have upon Union Planters' efforts to foreclose on its mortgage. Accordingly, it is

ORDERED that Union Planters' motion for sanctions is granted. William E. Grigsby and his attorney, Kurt Frim, are jointly and severally liable to Union Planters in the amount of $1,575.00, which sum is payable immediately.