In re Carlos Edward PANNELL, Jr., Jenny Sue Pannell, Appellees.

No. C-2-00-64.

United States District Court, S.D. Ohio, Eastern Division.

Sept. 22, 2000.

Jefferson Harvey Massey, Zanesville, OH, for appellees.

Grady Lee Pettigrew, Jr., Cox, Stein & Pettigrew Co., LPA, Columbus, OH, for appellants.

Paul V. Danielson, Kegler, Brown, Hill & Ritter, Columbus, OH, for trustee.

Larry J. McClatchey, Kegler, Brown, Hill & Ritter, Columbus, OH, trustee.

Alexander G. Barkan, Columbus, OH, Assistant U.S. Trustee.

## *OPINION & ORDER*

KINNEARY, District Judge.

This appeal arises out of a decision by the United States Bankruptcy Court for the Southern District of Ohio that imposed sanctions on Appellants Louie S. Davitan, Esquire and Theodore Davitan, Esquire. For the reasons stated below, the Court **AFFIRMS** the decision of the Bankruptcy Court.

## I. BACKGROUND

Appellants are attorneys licensed to practice law in West Virginia. Neither Appellant is licensed to practice law in Ohio or before the United States District Court for the Southern District of Ohio. Appellants placed an advertisement in a local publication offering their legal services. The debtors in this case, Carlos Edward Pannell and Jenny Sue Pannell (the "Pannells") responded to the advertisement. The Pannells live and work in the state of Ohio near the Ohio and West Virginia border and they do not have any property, real or personal, located in West Virginia. The Pannells traveled to West Virginia to consult with Appellants in their law office.

On June 24, 1998, Appellants filed an action on behalf of the Pannells in the United States District Court for the Southern District of West Virginia. On August 4, 1998, Farm Credit Services of Mid–America ("Farm Credit") filed a motion to dismiss, asserting that venue was improper. Farm Credit alleged that venue was improper because the Pannells were not domiciled in West Virginia and they did not have a residence, principal place of business or assets there during any part of the 180 days prior to the commencement of their bankruptcy case.

On January 28, 1999, the Bankruptcy Court for the Southern District of West Virginia transferred venue to the Bankruptcy Court for the Southern District of Ohio. After the transfer, Larry McClatchey was appointed as the case trustee (the "Trustee") and Jefferson Massey replaced Appellants as counsel to the Pannells.

On May 21, 1999, the Trustee filed a Motion for Examination of Transactions between the Pannells and Appellants. In that motion, the Trustee requested that sanctions be imposed upon Appellants because they did not have any legal basis for filing the case in the Southern District of West Virginia. Appellants filed a response to the Trustee's motion. In their response, Appellants stated that the case was filed in the Southern District of West Virginia because it was more convenient for the Pannells to attend the meeting of creditors and any hearings in Parkersburg, West Virginia, rather than in Ohio.

On September 21, 1999, the Bankruptcy Court for the Southern District of Ohio held a hearing on the Trustee's motion. Appellant Louis Davitan testified at that hearing. In addition, the bankruptcy court considered the Affidavit of Jenny Pannell. On December 23, 1999, the bankruptcy court entered an order imposing sanctions on Appellants for the improper filing. In that order, the bankruptcy court noted as follows:

> the Court finds that the Debtors' bankruptcy case was filed in a venue that is improper under applicable authority. As a result, the Debtors have endured a lengthy and difficult case fraught with problems, many of which never would have arisen had the case been properly venued, or venue properly transferred. In addition, the Trustee has been forced to incur costs and attorney fees in presenting and arguing the Motion for Examination and its supplement.

(Dec. 23, 1999 Opinion and Order at 1–2.) The bankruptcy court also noted that the Pannells were forced to "incur the additional expense of retaining counsel admitted to practice in Ohio." (*Id.* at 9.) Based upon these findings, the bankruptcy court ordered Appellants to pay the Trustee's legal fees incurred in filing and arguing the Motion for Examination. In addition, the bankruptcy court ordered Appellants to repay the Pannells the $395 fee that they charged for their legal services incurred in filing the bankruptcy case.

On January 5, 2000, Appellants filed the instant appeal. Appellants contend that the bankruptcy court committed reversible error by ordering them to pay sanctions for filing this case in the wrong venue. The Court will now consider their appeal.

## II. STANDARD OF REVIEW

■ The standard of review of a bankruptcy judge's decision is set forth in Rule 8013 of the Federal Rules of Bankruptcy Procedure. Rule 8013 states, in pertinent part:

> On an appeal the district court or bankruptcy appellate panel, may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Fed.R.Bankr.Pro. 8013. The "clearly erroneous" standard applies only to the factual findings made by the bankruptcy judge, while the legal conclusions are reviewed de novo. *See In re Caldwell,* 851 F.2d 852, 857 (6th Cir.1988); *In re Johnston,* 209 F.3d 611, 612 (6th Cir.2000).

■ A finding is "clearly erroneous" when the reviewing court

> on the entire evidence is left with the definite and firm conviction that a mistake has been committed. The question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one.

*Heights Community Congress v. Hilltop Realty, Inc.,* 774 F.2d 135, 140 (6th Cir.

1985). Thus, "findings of fact of a bankruptcy court should not be disturbed by the district court judge unless there is most cogent evidence of mistake or miscarriage of justice." *Caldwell*, 851 F.2d at 857 (internal quotations omitted). The Court examines the instant matter using these standards.

### III. ANALYSIS

Appellants originally listed seven issues in their Statement of Issues on Appeal. However, they did not address all of these issues in their brief. Rather, Appellants confined their argument to two main issues: (1) whether the bankruptcy court erred in considering the Affidavit of Jenny Pannell and (2) whether the bankruptcy court improperly ordered sanctions pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure. The Court will address each of these arguments in turn.

### A. Affidavit of Jenny Pannell

■ Appellants first argue that the bankruptcy court erred in considering the Affidavit of Jenny Pannell. In the one paragraph of their brief addressing this issue, Appellants contend that the bankruptcy court erred because they were denied the opportunity to cross examine Jenny Pannell with respect to the allegations contained in the Affidavit.

■ The Trustee correctly notes in its brief that Appellants did not object to the introduction of the Affidavit during the hearing before the bankruptcy judge. Rather, Appellants attempt to raise this argument for the first time on appeal. However, "[i]ssues not raised before the trial court are generally considered waived," *see In re Johnston*, 209 F.3d at 612 (citing *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir.1990)). Therefore, this Court cannot consider this issue for the first time on appeal in light of the fact that Appellants failed to object to the introduction of the Affidavit before the bankruptcy judge. The Court will confine its review to the remaining assignment of error.

### B. Rule 9011

■ Rule 9011 gives a bankruptcy court broad discretion to levy sanctions in order "to deter filings that are frivolous or for an improper purpose." *In re Creditors Serv. Corp.*, 207 B.R. 567, 570 (Bankr.S.D.Ohio 1997). Specifically, Rule 9011(b) authorizes a bankruptcy court to impose sanctions if a bankruptcy petition is filed "for any improper purpose such as to harass or to cause unnecessary delay, or needless increase in the cost of litigation or administration of the case." Fed.R.Bankr.Pro. 9011(b).

■ In determining whether a petition was filed for an improper purpose, the bankruptcy court must ask whether the attorney's conduct was reasonable under the circumstances. *In re MRL Residential Leasing, Inc.*, No. 96–1847, 1997 WL 453163, at * 3 (6th Cir. Aug.8, 1997). The bankruptcy court has "wide discretion in making a reasonableness determination." *Id.* However, the bankruptcy court "should avoid the wisdom of hindsight and objectively examine whether the attorney made a reasonable pre-filing inquiry that factually and legally supported the filing of the pleading." *In re Creditors Serv.*, 207 B.R. at 570. The factual findings made by the bankruptcy court should not be disturbed on appeal unless they are found to be clearly erroneous. *See In re Caldwell*, 851 F.2d at 857.

■ In this case, the bankruptcy court found that Appellants did not act reasonably under the circumstances. With respect to this finding, the bankruptcy court noted that "[e]ven a modest amount of research would have clarified the appropriate procedure for proceeding in an improper but more convenient forum, and perhaps avoided the significant inconvenience and expense incurred in litigating this case in two courts." (Dec. 23, 1999 Opinion and Order at 10.) This Court agrees.

The evidence on the record clearly supports the bankruptcy court's decision that

**220**

Appellants filed this case in an improper venue. Appellants conceded at the hearing that they were aware that the Pannells were residents of Ohio and had been residents of Ohio for the 180 days preceding the filing of the petition. (Tr. of hearing before bankruptcy court at 26.) In fact, Appellants do not attempt to argue that venue was proper in the Southern District of West Virginia. Rather, Appellants appear to argue that their conduct in filing this case in an improper venue was reasonable because they had gotten by with it in the past. (Doc. # 15 at 5.) Not only does this Court find that justification unprincipled, but it also finds it to be insufficient to require reversal of the bankruptcy court's decision.

The bankruptcy court concluded that Appellants filed this case when they knew or should have known that venue was improper and as a result, the Pannells and the Trustee have suffered considerable inconvenience and incurred additional expenses. Appellants have not offered any evidence that their actions were reasonable under the circumstances and that the bankruptcy court's findings were clearly erroneous. Therefore, the Court **AFFIRMS** the decision of the bankruptcy court and finds that the imposition of sanctions was not an abuse of discretion under the facts and circumstances of this case.

## IV. CONCLUSION

Therefore, upon consideration and being duly advised, the Court **AFFIRMS** the decision of the bankruptcy court.

**IT IS SO ORDERED.**