**In re Michael A. KTONA, Debtor.**

No. 6:05–BK–00624–ABB.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 16, 2005.

Juan C. Perez, Orlando, FL, for Debtor.

## FINAL ORDER GRANTING MOTION FOR SANCTIONS

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came on the Motion for Sanctions by Movants, George Ktona, Pauline Ktona, Charles Cummings, and Joseph Pieciak, Jr., against debtor, Michael Ktona, and debtor's counsel, Juan C. Perez, (Doc. 25), the Motion by United States Trustee for Sanctions against Debtor's Attorney (Doc. 23), the Application for Damages Pursuant to Motion for Sanctions and Bankruptcy Rule 9011 filed by Creditor George Ktona (Doc. 35), United States Trustee's Response to *Order of June 6, 2005* (Doc. 36), and Debtor's Response to Application for Damages Pursuant to Motion for Sanctions of Creditors (Doc. 37).

The issue is whether sanctions against the debtor and his counsel are warranted for intentionally filing the case in the wrong district, in bad faith, and to delay pending litigation, and if so, what are reasonable sanctions. After reviewing the pleadings and considering the parties' arguments and the applicable law, this court finds $10,135.31 in sanctions are warranted.

## FINDINGS OF FACT

Michael A. Ktona ("debtor") was a defendant in Massachusetts litigation filed on July 13, 2004 by George Ktona, Pauline Ktona, Charles Cummings, and Joseph Pieciak, Jr., as Massachusetts Ancillary Administrators of the Estate of Victoria George (collectively "Movants"). The Massachusetts state court entered an Order requiring Mr. Ktona to take certain actions.[1] A judgment of civil contempt against him was entered for willful violation of the Massachusetts Court's Order.[2] The Massachusetts Court directed Mr. Ktona to pay certain amounts to Movants and produce certain business records by January 24, 2005.

Debtor filed Chapter 7 in the Middle District of Florida on January 24, 2005, the last day for debtor to comply with the Judgment on Contempt. The Schedules indicate that the debtor has not been domiciled nor had a residence, principal place of business, or principal assets in the Middle District of Florida for 180 days immediately preceding the filing of the petition. The petition lists the debtor's address as 2545 E. Sunrise Blvd., #181, Ft. Lauderdale, Florida 33304. The appropriate venue for the Debtor's case is the Southern District of Florida pursuant to 28 U.S.C. § 1408.

The petition filed by debtor's counsel, Juan C. Perez ("Counsel"), reflected venue was proper in the Middle District of Florida. Counsel has admitted that he was aware at the time of filing that it was not filed in the correct district. Debtor and Counsel knowingly filed the petition in an improper venue for the specific purpose of delaying the pending Massachusetts litigation, and more specifically, for the debtor to avoid complying with the state court contempt Order. The petition was electronically filed in the Middle District to avoid paying a filing fee. The Southern District, where venue was proper, had no

---

**1.** Exhibit 2 to the Motion to Dismiss filed by Movants (Doc. 13).

**2.** Exhibit 5 to the Motion to Dismiss filed by Movants (Doc. 13).

electronic case filing at that time. A filing fee would need to be submitted with a petition filed in the Southern District.

Debtor failed to sign and file the Declaration Under Penalty for Electronic Filing as required by the court. The court entered an Order of Impending Dismissal (Doc. 4). Counsel filed a Motion to Transfer one month later, seeking to transfer the case to the Southern District of Florida. The Motion for Transfer acknowledges the debtor and the case have no nexus to the Middle District (Doc. 10). The United States Trustee and the Movants promptly filed Motion[s] to Dismiss Case (Doc. 13 & 14) and objected to the transfer of venue.

The debtor failed to appear at the Meeting of Creditors. The United States Trustee attended and requested further information from Counsel. Counsel acknowledged he did not meet the debtor in person, spoke with the debtor on the telephone and had not received proper identification from the debtor prior to filing the petition. The reason for not obtaining identification or meeting with the debtor was, according to Counsel, the urgency of filing the petition based on the pending litigation action against the debtor.

The case was dismissed with prejudice on May 6, 2005 (Doc.31). The court found the case was intentionally filed in the wrong district, filed for purposes of delay, and filed in bad faith. The court enjoined any person or entity claiming an interest, or any successor in title or interest to the property subject to the pending Massachusetts litigation, from filing a bankruptcy case for 180 days. The court also reserved jurisdiction to determine the Motion for Sanctions.

The United States Trustee seeks sanctions but does not seek sanctions additional to any awarded the Movants (Doc. 36). Sanctions are warranted for intentionally filing the case in the wrong district, in bad faith, with the intent to delay the pending Massachusetts litigation, and to avoid complying with the contempt Order entered by the Massachusetts state court. There was no basis in law or in fact to file the debtor's petition in the Middle District. The filing of the petition in this case has caused unnecessary delay and needless increase in the cost of litigation.

Sanctions of attorney fees in the sum of $10,135.31 are warranted. The reasonable number of hours for the services performed by Dennis Levine & Associates is 34.75 at the rate of $219.85 and costs in the sum of $517.76. The reasonable number of hours for the services performed by Michael Tessitore is 8.80 hours at the rate of $224.54 per hour and costs in the sum of $1.80.

### CONCLUSIONS OF LAW

■ All papers presented to the court pursuant to Federal Rule of Bankruptcy Procedure 9011(b) are to be signed to certify that the filing is not being presented for an improper purpose. Federal Rule of Bankruptcy Procedure Rule 9011(c) authorizes sanctions upon attorneys to deter filings deemed improper pursuant to Rule 9011(b). Specifically, Rule 9011(b) authorizes sanctions if a bankruptcy petition is filed "for any improper purpose such as to harass or to cause unnecessary delay..."

■ Rule 9011 sanctions can be imposed upon the parties as well as their counsel in appropriate cases.[3] This case warrants the imposition of sanctions against the debtor as well as his attorney. Both debtor and Counsel fully understood the significance of filing the bankruptcy petition in the improper district, and the

---

**3.** *In re Grigsby*, 233 B.R. 558, 560 (Bankr.   S.D.Fla.1999).

delayed effect that such filing would have upon the pending litigation against debtor.

The reasonableness of an attorney's conduct under the circumstances determines whether a petition was filed for an improper purpose.[4] An attorney is required to make a reasonable pre-filing inquiry that factually and legally supports the filing of the petition.[5] An attorney's actions must be objectively reasonable in order to avoid sanctions.[6] An attorney's good faith belief in the merit of an argument, or a good faith argument for the modification of existing law, must be in accord with what a reasonable, competent attorney would believe under the circumstances.[7]

Sanctions would not be appropriate where the petition was filed in an improper district due to an excusable error or an attorney's good faith belief that venue was proper in that district.[8] The filing of this petition in the improper district was an intentional act of bad faith. Attorneys who intentionally file petitions in an improper district may be subject to sanctions.[9]

Sanctions against debtor and Counsel are appropriate in this case due to the intentional and flagrant acts of bad faith. Counsel did not meet with Debtor and had not received proper identification from the debtor, prior to filing the petition. The petition was filed in an improper district to avoid paying the filing fee. Debtor failed to sign and file the Declaration Under Penalty for Electronic Filing, as required by the court.

The filing of the petition in the Middle District by Counsel was for an improper purpose, to delay or frustrate the pending litigation actions against the debtor. The fact that Counsel knew venue was in an obviously improper district is apparent from examining the petition he prepared and signed. Counsel ignored the clear mandate of 28 U.S.C. § 1408, and instead selected the Middle District as it was more beneficial for his client, despite Counsel's knowledge that there is no good faith basis for the assertion of venue in the Middle District. Counsel's actions were intentional and flagrant.

Counsel and debtor violated Rule 9011(b) by intentionally filing the petition in an incorrect district in bad faith to delay the pending litigation action against the debtor. Sanctions are authorized by Federal Rule of Bankruptcy Procedure 9011(c) for a violation of Rule 9011(b).

The Final Application for Allowance of Attorney Fees and Costs was submitted by Dennis Levine & Associates and Michael Tessitore, Esq., attorneys for the Movants.[10] The reasonableness of attorney fees and costs is determined through an examination of criteria outlined in *In the Matter of First Colonial Corp. of America*[11] and *Johnson v. Georgia High-*

---

4. *In re Pannell,* 253 B.R. 216, 219 (S.D.Ohio 2000).

5. *Id.*

6. *Blagg v. Miller,* 223 B.R. 795, 805 (10th Cir. BAP 1998).

7. *Id.*

8. *Cf. Kellogg Company v. First National Bank of Louisville,* 512 F.Supp. 56 (W.D.Mich. 1981) (action was transferred, but not dis-

missed, where it had not been brought in the improper district as a form of harassment, but rather had been brought in good faith).

9. *See id.*

10. *See* Exhibit A and A–1 to Doc. No. 35.

11. *In the Matter of First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.1977) stating,

In order to establish an objective basis for determining the amount of compensation

*way Express, Inc.,*[12] guidelines established prior to the modifications of the Bankruptcy Reform Act of 1978.[13]

After consideration of the *First Colonial* and *Johnson* factors, the reasonable number of hours for the services performed by Dennis LeVine & Associates is 34.75 at a rate of $219.85 per hour. The reasonable costs incurred are $517.76.

The reasonable number of hours for the services performed by Michael Tessitore is 8.80 at a rate of $224.54 per hour. The reasonable costs incurred are $1.80. The total award for sanctions is $10,135.31. Therefore, it is

**ORDERED, ADJUDGED AND DECREED** that the Motion by the United States Trustee for Sanctions against Attorney Juan C. Perez (Doc. 23) is **GRANTED**; it is further

**ORDERED, ADJUDGED AND DECREED** that the Motion for Sanctions by Movants, George Ktona, Pauline Ktona, Charles Cummings, and Joseph Pieciak, Jr., against Debtor, Michael Ktona, and Debtor's counsel, Juan C. Perez, (Doc. 25) is **GRANTED** in the amount of $10,135.31; it is further

**ORDERED, ADJUDGED AND DECREED** that attorney fees and costs of Dennis Levine & Associates in the sum of $8,157.55 are awarded; and it is further

**ORDERED, ADJUDGED AND DECREED** that attorney fees and costs of Michael Tessitore in the sum of $1,977.76 are awarded.

---

that is reasonable for an attorney's services, and to make meaningful review of that determination possible on appeal, we held in *Johnson v. Georgia Highway Express, Inc., 488 F.2d at 717–19,* that a district court must consider the following twelve factors in awarding attorneys' fee . . .
*First Colonial* at 1299 (modified by the Bankruptcy Reform act of 1978).

12. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). The twelve *Johnson* factors are:

  (1) the time and labor required;
  (2) the novelty and difficulty of the questions involved;
  (3) the skill requisite to perform the legal service properly;
  (4) the preclusion of other employment by the attorney due to acceptance of the case;
  (5) the customary fee;
  (6) whether the fee is fixed or contingent;
  (7) time limitations imposed by the client or the circumstances;
  (8) the amount involved and the results obtained;
  (9) the experience, reputation, and ability of the attorneys;
  (10) the "undesirability" of the case;
  (11) the nature and the length of the professional relationship with the client;
  (12) awards in similar cases.
*See Johnson,* 488 F.2d 714.

13. *In the Matter of Bar–B–Que Management Associates, Inc.,* 82 B.R. 152, 154 (Bankr. M.D.Fla.1988).