**IN RE: Mark FAZZARY, Debtor.**

**Case No. 3:14–bk–5515–PMG**

United States Bankruptcy Court,
M.D. Florida,
**Jacksonville Division.**

Signed May 21, 2015

Michael A. Ziegler, Law Office of Michael A. Ziegler PL, Clearwater, FL, for Debtor.

## ORDER ON MOTION FOR IMPOSITION OF SANCTIONS AGAINST DEBTOR AND DEBTOR'S COUNSEL PURSUANT TO RULE 9011

PAUL M. GLENN, United States Bankruptcy Judge

**THIS CASE** came before the Court for a final evidentiary hearing to consider the Motion of Capital City Bank (the Bank) for Imposition of Sanctions against Debtor and Debtor's Counsel Pursuant to Rule 9011. (Doc. 14). The Debtor, Mark Fazzary, filed a Verified Response to the Motion and Reciprocal Motion for Expenses and Fees against Creditor and Creditor's Counsel. (Doc. 33).

Sanctions under Rule 9011 may be warranted if a bankruptcy case was filed in bad faith or for an improper purpose. In

this case, the Debtor asserts that he filed his Chapter 13 case for the proper purpose of saving his home.

The Chapter 13 case was filed three weeks after the Debtor received a discharge in a prior Chapter 7 case. Although the filing of a "Chapter 20" is not prohibited, courts carefully evaluate the circumstances of a Chapter 20 case to determine whether the successive filings satisfy the good faith requirement of the Bankruptcy Code.

In this case, the circumstances establish that the Debtor did not file the Chapter 13 petition for the proper purpose of retaining his home. The home mortgage debt had been reduced to a prepetition judgment in the amount of $486,404.14, the Debtor is unemployed and failed to show any financial ability to pay the mortgage, no plan was ever proposed in the Chapter 13 case that provided for retention of the home, and the Debtor did not meaningfully participate in the mortgage modification process. Under these circumstances, the Court finds that the Chapter 13 petition was filed in bad faith and for an improper purpose.

Sanctions for a bad faith filing should be "limited to what is sufficient to deter repetition" of the conduct that violated Rule 9011. Fed. R. Bankr. P. 9011(c)(2). Under the circumstances of this case, the Court finds that the written finding of bad faith contained in this Order is sufficient to deter the Debtor and the Debtor's attorney from filing any future bankruptcy cases for an improper purpose.

### Background

The Debtor is unemployed and has no dependents. He resides on his homestead real property located at 8022 West Grove Street, Homosassa, Florida (the Property or the Home). The Property consists of a residence situated on 1.57 acres of land. The residence was built in 2009, and includes 5,408 square feet of living space with an indoor pool.

The Property is subject to a mortgage held by the Bank.

The Debtor defaulted on the mortgage in July of 2013, and the Bank commenced a foreclosure action in the Circuit Court of Citrus County, Florida. On May 14, 2014, the Bank obtained a Final Summary Judgment of Foreclosure in the amount of $486,404.14 in the state court action, and a foreclosure sale was scheduled for July 17, 2014.

On July 14, 2014, the Debtor filed a petition under Chapter 7 of the Bankruptcy Code. (Case No. 14–3409).

On his schedule of assets filed in the Chapter 7 case, the Debtor listed the Property with a scheduled value of $615,389.00.

On his schedule of liabilities in the Chapter 7 case, the Debtor listed the Bank as a creditor holding a secured claim on the Property in the amount of $486,404.00. He also listed creditors holding general unsecured claims in the total amount of $317,861.58, including a promissory note owed to Pauline Fazzary in the amount of $180,000.00.

On October 3, 2014, an Order was entered modifying the stay in the Chapter 7 case to permit the Bank to proceed with its foreclosure action against the Property.

On October 21, 2014, the Debtor received his Chapter 7 discharge and the case was closed.

The Bank rescheduled the foreclosure sale of the Property for November 11, 2014.

On November 11, 2014, the date of the rescheduled sale, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code. On his schedules in the Chapter 13

case, the Debtor listed the Property as an asset, and the Bank as a secured creditor with a mortgage on the Property. The only other creditor listed on his schedules was Ally Financial with a secured claim in the amount of $0.00.

## Discussion

The Bank filed a Motion to sanction the Debtor and the Debtor's attorney for filing the Chapter 13 case "in bad faith and for the improper purpose of hindering and delaying creditors of the Debtor in the enforcement of their rights under non-bankruptcy law, and without any bona fide rehabilitative purpose." (Doc. 14, p. 1). The Motion was filed pursuant to § 105 of the Bankruptcy Code and Rule 9011 of the Federal Rules of Bankruptcy Procedure.

■ "Sanctions under Bankruptcy Rule 9011 are warranted when (1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose." *In re Mroz*, 65 F.3d 1567, 1572 (11th Cir.1995).

■ Filing a bankruptcy petition in bad faith may constitute conduct that is sanctionable under Rule 9011. See *In re Ktona*, 329 B.R. 105, 109 (Bankr.M.D.Fla. 2005); *In re Addon Corporation*, 231 B.R. 385, 390 (Bankr.N.D.Ga.1999).

■ In determining whether a bankruptcy petition was filed in bad faith, courts generally consider the totality of the circumstances surrounding the filing. *In re Russell*, 2012 WL 5934648, at *3 (Bankr.M.D.Ala.2012)(citing *In re Kitchens*, 702 F.2d 885, 888 (11th Cir.1983)).

■ Filing a Chapter 13 petition after a Chapter 7 petition does not, standing alone, indicate that the second case was filed in bad faith. See *Johnson v. Home State Bank*, 501 U.S. 78, 87, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). If a debtor files successive Chapter 7 and Chapter 13 petitions, however, the cases may be subject to heightened scrutiny:

> The Chapter 20 process ... does raise additional good faith concerns. A debtor who goes through the Chapter 20 process can potentially obtain the benefits of both Chapter 7 and Chapter 13 while circumventing limitations included in those chapters of the Bankruptcy Code. (Citation omitted). Thus, while chapter 20's are not prohibited *per se,* "such cases are not favored and must be closely scrutinized." *In re Cushman,* 217 B.R. 470, 476 (Bankr.E.D.Va.1998).

*In re Chanthaleukay,* 2010 WL 55498 (Bankr.M.D.N.C.2010). The close scrutiny involves the consideration of several factors designed "to distinguish between proper and improper Chapter 20 filings." The factors include (1) the proximity in time between the filings, (2) whether the debtor has experienced a change of circumstances between the filings such that he will be able to comply with a Chapter 13 plan; and (3) whether the two filings treat creditors fairly, or whether they are an abuse of the purpose of the Bankruptcy Code. *In re Bridges,* 326 B.R. 345, 349–50 (Bankr.D.S.C.2005); *In re Chanthaleukay,* 2010 WL 55498, at *2.

■ The essential inquiry is whether the second case was filed for the purpose of proposing a good faith Chapter 13 plan. *In re Chanthaleukay,* 2010 WL 55498, at *2; *In re Bridges,* 326 B.R. at 349.

In this case, the Debtor received a discharge of his prepetition, unsecured debts in his prior Chapter 7 case, and filed the Chapter 13 petition three weeks after the discharge was entered. He asserts that the Chapter 13 case was filed "in an attempt to retain his primary residence." (Doc. 19, ¶ 1).

A debtor's attempt to retain his home is a proper purpose for filing a Chapter 13 case. A "central purpose of Chapter 13 is to save homes," and Chapter 13 is available to allow a debtor to save his home even if he has already received a Chapter 7 discharge. *In re Scantling*, 465 B.R. 671, 682 (Bankr.M.D.Fla.2012), *aff'd*, 754 F.3d 1323 (11th Cir.2014).

Despite his stated intention, however, the circumstances of this case establish that the Debtor did not file the Chapter 13 petition for the proper purpose of retaining his home. The home mortgage debt had been reduced to a prepetition judgment in the amount of $486,404.14, the Debtor is unemployed and failed to show any financial ability to pay the mortgage, no Plan was ever proposed in the Chapter 13 case that provided for retention of the home, and the Debtor did not meaningfully participate in the mortgage modification process.

### A. The mortgage debt

On May 14, 2014, before the filing of the Debtor's bankruptcy cases, a Final Summary Judgment of Foreclosure was entered in the Circuit Court for Citrus County, Florida, in the case styled *Capital City Bank v. Mark Fazzary, et al*, Case No.2013–CA–1260. The Final Judgment provided that the Debtor owed the Bank the principal sum of $401,380.72, plus interest, fees, and other charges to the date of the Judgment, for the total sum of $486,404.14.

In Florida, a judgment on the merits in a former suit is conclusive as to every matter offered and received to sustain or defeat the claim, and every matter that might have been litigated and determined in the action. *Beepot v. J.P. Morgan Chase National Corporate Services, Inc.*, 57 F.Supp.3d 1358, 1369–70 (M.D.Fla. 2014).

On January 7, 2015, the Bank filed an Amended Proof of Claim in the Debtor's Chapter 13 case. (Claim 3–2). The Claim was based on the mortgage and Final Judgment, and was filed as a secured claim in the total amount of $492,734.14, plus interest and attorney's fees.

### B. The Debtor's financial ability to pay

The circumstances of this case establish that the Debtor did not file his Chapter 13 case for the proper purpose of retaining the Property that secures the Bank's claim, in part because the Debtor failed to show any financial ability to pay the mortgage debt.

First, the Debtor has not disclosed any source of income with which to service a debt that exceeds the judgment amount of $486,404.14.

On his schedule of income filed in both the Chapter 7 case and the Chapter 13 case, the Debtor stated that he was not employed, and that his sole income was a contribution from his mother in the amount of $3,000.00 per month. On his schedule of expenses, he stated that his total monthly expenses were $4,501.79, and that his monthly net income therefore equaled negative $1,501.79.

On his Statement of Financial Affairs in both cases, the Debtor stated that his income in 2012 was $8,000.00, that his income in 2013 was $8,000.00, and that his year-to-date income in 2014 was $2,500.00. The income was described as "odd job income," and the Debtor stated that he had no income from sources other than any employment or business.

Further, the amount and source of the Debtor's income cannot otherwise be determined, because it appears that the Debtor did not file federal income tax returns for 2011, 2012, or 2013. (See Doc.

23, the Chapter 13 Trustee's Motion to Dismiss for failure to provide proof of filing the tax returns for those years, and Claim No. 1–1, the Proof of Claim filed by the Internal Revenue Service in the amount of $1,500.00 as a "potential liability" because the returns for 2011, 2012, and 2013 had not been filed.).

In addition to his failure to show any employment or reliable income, the Debtor also failed to disclose the existence of any other assets with which to pay the mortgage debt.

On his schedule of assets filed in both the Chapter 7 case and the Chapter 13 case, the Debtor listed personal property with a total value of $955.00, including a checking account valued at $105.00. The Debtor did not list any other financial accounts, business interests, or stock interests on his schedules, and he claimed that the only household item that he owned in his 5,408 square foot residence was a couch.

In summary, this is a "Chapter 20" case, and the Debtor asserts that he filed the second petition for the proper purpose of retaining his Home. Despite his stated intention, the Court finds that the Debtor did not file the Chapter 13 case in good faith, in part because he failed to show any financial ability to pay the Home mortgage debt.

If the Debtor had the means to service the mortgage on the petition date, he was not forthcoming either in his bankruptcy papers or at the hearing on the Bank's Motion for Sanctions. The bankruptcy schedules reflect a single financial account containing $105.00, and insufficient income to support a debt of nearly $500,000.00. In both the prior Chapter 7 case and the current Chapter 13 case, the Debtor stated under oath that he is unemployed and had earned only "odd job income" in the years preceding the filings.

The final evidentiary hearing on the Bank's Motion for Sanctions was the Debtor's opportunity to explain his financial affairs, and to explain how he had proposed to pay the mortgage debt through a modification and Chapter 13 case. The Debtor did not offer any such explanation, however, and the Court was left at the conclusion of the hearing with no information as to the Debtor's financial resources, the claimed contributions from his mother, or how he supports himself.

Conversely, if the Debtor's schedules are accurate, and his assets and income are indeed minimal, the filing of the Chapter 13 case immediately after receiving a Chapter 7 discharge does not pass the heightened scrutiny required for Chapter 20 cases. In other words, if the Debtor did not have the means or prospects to pay the mortgage on the date of the Chapter 13 petition, the second case served no purpose and was not an effort by an honest debtor to save his Home or restructure his financial affairs. See *In re Carter*, 500 B.R. 739, 744–45 (Bankr.D.Md.2013) (The filing of a futile case is a factor in determining the debtor's subjective bad faith.).

### C.  The Chapter 13 Plans

Additionally, the circumstances establish that the Debtor did not file his Chapter 13 case for the proper purpose of retaining his Home, because no plan was ever proposed in the case that provided for retention of the Property.

The Debtor filed his first Chapter 13 Plan on November 11, 2014, the same date that he filed the petition. (Doc. 3). The Debtor's attorney was the only creditor identified for payment in the proposed Plan.

The Debtor did not complete the section of the plan form that was designated for secured creditors. Section 5.A of the

form, for example, should be completed if a debtor proposes to retain his real property and pay the mortgage arrearages through the plan, and Section 5.B of the form should be completed if a debtor proposes to retain his real property and seek a mortgage modification. In this case, Section 5 of the Debtor's Chapter 13 Plan was blank.

The Debtor filed an Amended Chapter 13 Plan on November 24, 2014, that was virtually identical to the first Plan. (Doc. 11).

The Debtor filed a Second Amended Chapter 13 Plan on December 8, 2014. (Doc. 15). In the Second Amended Plan, the Debtor's attorney again was the only creditor identified for payment, and the section of the plan form designated for secured creditors was again blank. (See Trustee's Objection to Confirmation, Doc. 25, in which the Trustee objects to the Plan in part because it "only pays attorney fees," and fails to provide for payment of secured claims.).

On January 19, 2015, the Debtor filed a Third Amended Chapter 13 Plan. (Doc. 39). The Third Amended Plan is the only plan that addresses the Bank's claim, but the Plan does not provide for payment of the mortgage and retention of the Property. Instead, the Debtor proposed to make adequate protection payments of $1,000.00 per month to the Bank for six months, and to surrender the Property in the seventh month of the Plan.

An Order Confirming Chapter 13 Plan was entered on April 21, 2015. (Doc. 58). The Confirmation Order provides for the Debtor's attorney and the Internal Revenue Service to receive disbursements under the Plan, and for the Property to be surrendered to the Bank.

In summary, the Debtor received a discharge of his prepetition, unsecured debts in his prior Chapter 7 case. He contends that the current Chapter 13 case was filed solely to address the mortgage on his Home. From the outset, however, the Debtor never proposed a Plan that provided for retention of the Home and payment of the mortgage. His first three Plans did not include any provision for secured claims, and the third amended plan provided for surrender of the Home.

Under these circumstances, the Court finds that the Debtor did not file his Chapter 13 case for the proper purpose of retaining his Home, in part because he never proposed a Chapter 13 plan that provided for retention of the Property.

**D. The Modification process**

Finally, the circumstances establish that the Debtor did not file his Chapter 13 case for the proper purpose of retaining his Home, because he did not meaningfully participate in the mortgage modification process.

The Debtor filed a Motion for Referral to Mortgage Modification Mediation on December 11, 2014, approximately one month after the Chapter 13 petition was filed. (Doc. 19). In the Motion, the Debtor asserted that he "filed this Chapter 13 case in an attempt to retain his primary residence."

Under the mortgage mediation process, a debtor is required to "submit all documents and financial information requested by the Lender" prior to any scheduled mediation conference. (See Doc. 21, Order Directing Mortgage Modification Mediation, ¶ 8).

In this case, Randy Allen, a Vice President—Special Asset Manager for the Bank, testified that the Bank asked the Debtor to provide his tax returns and a personal financial statement in order to

determine whether the Debtor qualified for a mortgage modification.

According to ·Allen, however, the Debtor never produced the requested information, and the Debtor acknowledges that he did not provide the information to qualify for a modification.

On March 31, 2015, the Debtor's attorney filed a Notice of Mediation Conference. (Doc. 56). The Mediation Conference was scheduled for April 17, 2015, and the Notice states that the date and time for the mediation had been coordinated with the respective parties and their counsel.

The Mediator, the Bank's attorney, two authorized representatives of the Bank, and the Debtor's attorney telephonically appeared at the mediation conference.

The Debtor did not attend the scheduled mediation. (Doc. 62). The Debtor testified that he went fishing on the day of the scheduled mediation because he did not believe that the conference was going forward.

The Mediator filed a Report indicating that the mediation conference was concluded with no agreement. (Doc. 62).

Based on the record, the Court finds that the Debtor did not file his Chapter 13 case in good faith, in part because he did not cooperate in the mortgage mediation process by producing any financial documents to the Bank or attending the mediation conference.

The Debtor asserts that the Bank caused his Chapter 13 case to fail by filing an objection to his request for modification. The Court has considered the sequence and timing of the events in this case, however, and determines that the Bank's initial objection did not prevent the Debtor from engaging in the mediation process.

The Debtor's Motion for Referral to Mortgage Modification Mediation was filed on December 11, 2014. (Doc. 19). The Bank originally opposed the mediation partly because it lacked adequate financial information from the Debtor. The opposition was withdrawn on February 18, 2015 (Docs.52, 53), and the Debtor's attorney filed the Notice of Mediation Conference on March 31, 2015. The mediation was scheduled for April 17, 2015, a date that had been coordinated among the parties.

In other words, any delay caused by the Bank's initial opposition extended no more than two months, and did not prevent the Debtor from furnishing the requested financial information to the Bank or attending the mediation conference. The Debtor had sufficient opportunity to comply with the mediation process both before and after the Bank's objection was withdrawn.

### Application

This is a "Chapter 20" case, and the Debtor asserts that he filed the second petition for the proper purpose of retaining his Home. Despite his stated intention, the Court finds that the Debtor did not file the Chapter 13 case in good faith.

Sanctions are warranted under Rule 9011 if papers are filed that are frivolous, or if they are filed in bad faith or for an improper purpose. *In re Mroz*, 65 F.3d at 1572.

If a Court determines that Rule 9011 was violated, Rule 9011(c) of the Federal Rules of Bankruptcy Procedure provides that the Court may impose an appropriate sanction on the attorneys or parties. Fed. R. Bankr. P. 9011(c)(1). "Rule 9011 sanctions can be imposed upon the parties as well as their counsel in appropriate cases." *In re Ktona*, 329 B.R. at 108.

The imposition of a sanction is discretionary, not mandatory. *In re Sinkuniene*, 2012 WL 4471583, at *8 (Bankr.

N.D.Ill.2012); *In re Walker*, 356 B.R. 834, 856 (Bankr.S.D.Fla.2006), *aff'd*, 309 Fed. Appx. 293 (11th Cir.2009). "Whether or not the court imposes sanctions for violating Rule 9011, together with the nature of any sanction, is a matter committed to its discretion." *In re Sekema*, 523 B.R. 651, 654 (Bankr.N.D.Ind.2015).

With respect to the measure of the sanction, Rule 9011(c)(2) provides that a sanction imposed for violation of the Rule "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr. P. 9011(c)(2).

Courts should fashion "an appropriate sanction that is the most minimal sanction sufficient to deter repetition of the practitioner's conduct." *In re T.H.*, 529 B.R. 112, 146 (Bankr.E.D.Va.2015). The primary goal of a sanction under Rule 9011 should be deterrence, and "Rule 9011 requires the least severe sanction that is adequate to serve as an effective deterrent." *In re Sekema*, 523 B.R. at 654–55.

In this case, it appears that there is little risk that either the Debtor or the Debtor's attorney will repeat the conduct that constituted the Rule 9011 violation. The conduct was the filing of a Chapter 13 case after the receipt of a Chapter 7 discharge, with no apparent ability or intent to pay the only debt that was scheduled in the second case.

The Debtor was represented by the same attorney in both the Chapter 7 case and the Chapter 13 case.

In response to the Motion for Sanctions, the attorney contends that the use of a Chapter 20 case is an approved practice in the Eleventh Circuit, and that policy considerations in the Middle District of Florida favor the modification of home mortgages. The attorney further asserts that the Chapter 20 was an appropriate process in this case because the Bank was fully secured by the Property, and therefore was not harmed by the delay that is inherent in every bankruptcy case. Finally, the attorney asserts that the Chapter 20 was initially appropriate, but was frustrated by the Bank's unexpected opposition to the Debtor's Motion for Mortgage Modification. (Doc. 33).

The Court has considered the Response and the attorney's appearances in this case, and finds that the written finding of bad faith contained in this Order is sufficient to serve the Rule 9011 objective of deterring any future violations of the Rule by the attorney. In other words, based on his representations, the Court determines that the attorney is not likely to repeat the conduct of filing a Chapter 13 case that is futile or that has no purpose other than to delay the enforcement of a creditor's rights.

The Court also finds that the written finding of bad faith contained in this Order is sufficient to serve the Rule 9011 goal of deterring future violations by the Debtor. The Debtor's primary asset is the Property, and the Debtor's confirmed Chapter 13 Plan provides for the surrender of the Property. He received a Chapter 7 discharge on October 21, 2014, and therefore may not receive another discharge for eight years from the date of that case pursuant to § 727(a)(8) of the Bankruptcy Code. With no assets to protect and no ability to receive a Chapter 7 discharge of his debts, it appears unlikely that the Debtor will file a future bankruptcy case within a reasonable period of time.

For these reasons, the Court finds that the written finding of bad faith contained in this Order is sufficient to deter the Debtor and the Debtor's attorney from filing any future bankruptcy cases for an improper purpose. *In re Parikh*, 508 B.R. 572, 595–96 (Bankr.E.D.N.Y.2014); *In re*

*Lewis,* 2012 WL 1682587, at *3 (Bankr. N.D.Ohio 2012).

### Conclusion

■ The circumstances of this case establish that the Debtor did not file his Chapter 13 petition for the proper purpose of retaining his Home. The home mortgage debt had been reduced to a prepetition judgment in the amount of $486,404.00, the Debtor is unemployed and failed to show any financial ability to pay the mortgage, no Plan was ever proposed in the Chapter 13 case that provided for retention of the Home, and the Debtor did not meaningfully participate in the mortgage modification process.

The Chapter 13 case was filed in bad faith, and the filing of the bad faith petition constituted a violation of Rule 9011 of the Federal Rules of Bankruptcy Procedure.

■ Rule 9011(c)(2) provides that a sanction imposed for violation of the Rule "shall be limited to what is sufficient to deter repetition" of the conduct that violated the Rule. In this case, the Court finds that the written finding of bad faith contained in this Order is sufficient to deter the future filing of Chapter 13 cases in which the potential debtor has no ability or intent to address his financial obligations.

Accordingly:

**IT IS ORDERED** that:

1. The Motion of Capital City Bank for Imposition of Sanctions against Debtor and Debtor's Counsel Pursuant to Rule 9011 is granted as set forth in this Order.

2. The above-captioned Chapter 13 case was filed in bad faith.

3. Pursuant to Rule 9011(c)(2) of the Federal Rules of Bankruptcy Procedure, the written finding of bad faith contained in this Order will serve as the sanction against the Debtor and the Debtor's attorney for filing the petition for an improper purpose.

4. The Debtor's Reciprocal Motion for Expenses and Fees against Creditor and Creditor's Counsel is denied.